U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 0 1 2009

TONY R. MOORE
ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD SMITH WILSON<br>(D.O.C. #365317) | DOCKET NO. 08-cv-1311; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE |
| FRANCOIS LONGINO | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights complaint (42 U.S.C. § 1983) of Edward Smith Wilson, filed on August 27, 2008, in the Middle District of Louisiana. The case was transferred and was received in this district on September 4, 2008. Plaintiff's motion to proceed in forma pauperis was granted on September 9, 2008. [Doc. #5] Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He complains that his constitutional rights were violated by the defendant while he was incarcerated at Winn Correctional Center (WCC). He seeks $200,000 for "malfeasance in office," $200,000 for infringing upon Plaintiff's constitutional right to be free from cruel and unusual punishment, and $100,000 for physical, emotional, and mental suffering. He also demands that Defendant be prosecuted and fired from her job.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that he and the defendant, a case manager at WCC, were involved in a relationship for one and one half years. He alleges that they would have sexual intercourse in her office, and that she used sex and her authority to "manipulate, coerce, influence and keep [Plaintiff] submissive to her will." He alleges that Defendant forced him to fight and intimidate other inmates who disrespected her, as well as intimidate other WCC staff members that Defendant did not like. [Doc. #1, p.4]

Plaintiff alleges that Defendant continuously visited him at his cell, which was on the end of the row so that other inmates could not see them. She would also bring Plaintiff to her office for sex. He complains that nothing was done to stop her because of her position as a case manager and because her friends and family work at WCC also.

On July 9, 2008, Plaintiff informed with Unit Manager Coleman that Defendant got him out of his cell and brought Plaintiff to her office where she began crying about her co-worker. Plaintiff alleges that Defendant used her "tears and great diplomacy" to coerce Plaintiff into intimidating the co-worker. He alleges that the co-worker stood guard at the door so Plaintiff and Defendant could have oral sex. Plaintiff says he pleaded with Unit Manager Coleman to get someone to talk with him so he could confess everything. That same day, Plaintiff submitted an Administrative

Remedy Procedure form against the Defendant; and, when she found out, she fabricated two defiance disciplinary reports against Plaintiff. [Doc. #1, p.8]

On July 15, 2008, Plaintiff appeared before the disciplinary board for the two defiance reports, and he confessed his involvement with Defendant. He told the board that Defendant had fabricated the reports in retaliation for Plaintiff ending the relationship. Plaintiff and Defendant were "placed under a pending investigation."

The next day, July 16, 2008, Plaintiff was in the infirmary after throat surgery earlier that day. Defendant's best friend, Nurse Tucker, threatened and ridiculed Plaintiff and said that she was going to call the Defendant to let her know of Plaintiff's condition. [Doc. #1, p.8] On July 17, 2008, Defendant went to Plaintiff's infirmary cell with a bag full of canteen items for Plaintiff "in an attempt to dissuade" him.

On July 22, 2008, Nurse Tucker retaliated against Plaintiff on Defendant's behalf when Plaintiff was brought to the infirmary for asthma. Nurse Tucker belittled and cursed Plaintiff and said he could not have a breathing treatment. Although, after checking him with a stethoscope, she did give him the treatment. [Doc. #1, p.9] Plaintiff submitted a complaint against Nurse Tucker, so she submitted three fabricated disciplinary reports against Plaintiff. The disciplinary reports were discarded by Unit Manager Coleman, however, and Plaintiff was not charged. [Doc. #1, p.9]

On July 23, 2008, Plaintiff submitted an inmate request form to the chief of security and assistant chief pleading with them to go talk to Plaintiff about the matter. The request was not granted. On July 25, 2008, Plaintiff submitted another inmate request to the warden, which was also denied. On July 24, 2008, Defendant fabricated another disciplinary report against Plaintiff. However, he was never charged with the offense and never saw a copy of the report. [Doc. #1, p.10]

On July 29, Plaintiff appeared before the disciplinary board for the charges that had been deferred on July 15 pending an investigation. The charges were again deferred.

Plaintiff attempted to mail and forward copies of various administrative remedy forms, but the office reported not receiving all of them.

On August 8, 2008, Plaintiff went before the review board and asked about the status of the pending investigation. Defendant was one of the board members, and when Plaintiff asked about the investigation, Defendant threw her papers all over the desk. The next day Defendant wrote another disciplinary report against Plaintiff. When he received the report, Plaintiff asked to speak to a senior officer. He states that, despite his pleas and cries, Lt. King and Officer Brown sprayed Plaintiff with chemical agent. Then, they told him that Defendant was placed on administrative leave pending the investigation or Plaintiff's transfer to another institution.

On August 13, 2008, Plaintiff submitted an inmate request form to Unit Manager Coleman regarding his legal papers that Inmate Counsel was in possession of. Coleman responded that Inmate Counsel would be allowed to go to Cypress Unit where Plaintiff was house. On August 14, 2008, Plaintiff submitted another request. Coleman replied that, while the investigation was pending, Defendant was being removed from Plaintiff's unit.

Plaintiff also provides that, at various times during his relationship with Defendant, she has provided him with a cell phone and homemade shanks.

Plaintiff also states that he has never been sentenced for any disciplinary report that Defendant fabricated against him. [Doc. #1, p.13]

## LAW AND ANALYSIS

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e©).

A complaint is frivolous if it lacks an arguable basis in law or fact. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

**A.  CRIMINAL CHARGES AGAINST DEFENDANT**

Plaintiff requests that criminal charges be brought against the defendant for her misconduct and malfeasance. Plaintiff has no

constitutional right to have someone criminally prosecuted. <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990). The decision whether or not to bring criminal charges rests solely with the prosecutor. <u>See</u> <u>United States v. Bigham</u>, 812 F.2d 943, 945; <u>United States v. Carter</u>, 953 F.2d 1449, 1462 (5th Cir. 1992); <u>see</u> also <u>Oliver</u> 914 F.2d at 60.[1] Further, a federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. <u>Nader v. Saxbe</u>, 497 F.2d 676, 679 (D.C. Cir. 1974). Nor may a court order prosecution of individuals at the instance of private persons. <u>Id.</u> at n. 18.

**B. DUE PROCESS VIOLATION - RIGHT TO ADMINISTRATIVE REMEDY**

Plaintiff alleges that his due process rights were violated by WCC staff's failure to resolve the grievances that he filed.

The narrowing of prisoner due process protection announced in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), leaves prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation, and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional law.

---

[1] Prosecutors are immune from liability in suits under § 1983 for acts that are an integral part of the judicial process. <u>See</u> <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir. 1990)(citing <u>Henzel v. Gerstein</u>, 608 F.2d 654, 657 (5th Cir.1979)). The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability. <u>See</u> <u>id.</u>, <u>Williams v. Hartje</u>, 827 F.2d 1203, 1209 (8th Cir.1987); <u>Henzel</u>, 608 F.2d at 657.

See Taylor v. Cockrell, 2004 WL 287339 at *1 (5th Cir. 2004)(not designated for publication)(holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim").[2] Plaintiff's claim is frivolous.

## C. CRUEL AND UNUSUAL PUNISHMENT

Plaintiff complains that he has been subjected to cruel and unusual punishment by being coerced into having sex with the defendant and fighting or intimidating those who disrespected Defendant. To establish a violation of the Eighth Amendment, a prisoner must show both (1) a deprivation of a basic human need, Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and (2) deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other

---

[2] See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure); Reneau v. Dretke, 2006 U.S. Dist. LEXIS 6694 (D. Tex. 2006).

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury required by §1997e(e) "must be more than de minimis, but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff has not alleged any physical injury. Absent allegation of any physical injury, §1997e(e) precludes Plaintiff from recovering for his alleged emotional and mental injuries.

Moreover, to violate the Cruel and Unusual Punishments Clause, a prison official must have acted with deliberate indifference, or a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. at 297, 302-303; Hudson v. McMillian, 503 U.S. 1, 8 (1992). Plaintiff does not allege that the defendant had a relationship with him for the purpose of causing him harm. He does allege, however, that once he ended the relationship with the defendant, he received fabricated incident reports filed by Defendant. Still, Plaintiff specifically states that he was never convicted of any disciplinary violations brought against him by the defendant.

D. **RETALIATION**

Plaintiff suffered no harm from the alleged cruel and unusual punishment, and he did not allege that Defendant engaged in a year and a half long relationship with him (albeit improper) for the purpose of causing him harm. To the extent that Plaintiff alleges retaliation by the Defendant after he ended the relationship, his

claim fails. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Rosas v. Rodriquez, 2006 WL 1877282, 1 (5th Cir. 2006)(citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999)).

Prisoners are constitutionally protected from retaliation for complaining about a prison official's actions to a supervisor or for exercising their right of access to the courts. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995); Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). The Fifth Circuit has held that some acts that may be motivated by retaliatory intent, "are so de minimis that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006).

In Jones v. Greninger, 188 F.3d 322, 325-26 (5th Cir.1999), the Fifth Circuit affirmed the dismissal of a claim alleging that the inmate had been restricted to five hours a week in the law library in retaliation for filing grievances. Although retaliatory intent was properly alleged, the inmate's claim failed because the retaliatory adverse acts did not rise to the level of a constitutional violation. Similarly, in Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir.1986), the Fifth Circuit upheld a dismissal,

writing that "a single incident, involving a minor sanction, is insufficient to prove [retaliatory] harassment." Thus, without explicitly applying a de minimis test, the Fifth Circuit has refused to recognize retaliation claims based only on allegations of insignificant retaliatory acts. See Morris v. Powell, 449 F.3d 682, 685 (5th Cir. 2006).

In this case, Plaintiff alleges that he was written up in fabricated disciplinary reports by Defendant after he broke up with her. However, as Plaintiff noted, he was not even charged with some of the alleged violations, and was not convicted of any of the violations raised by the defendant. Moreover, Plaintiff was not deterred from further exercise of his constitutional rights. He disclosed the affair with Defendant and filed the instant lawsuit while still incarcerated at Winn. Plaintiff's claim is frivolous.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims against the defendant be denied and dismissed with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. § 636(b)(1)©) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 1st day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE